UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARREN KEENAN,

                          Plaintiff,

                                                                                       <u>DECISION AND ORDER</u>

                                                                                                          06-CV-6045L

               v.

THE TOWN OF GATES
THE TOWN OF GATES POLICE DEPARTMENT
POLICE OFFICER SHELLEY A. CONRADT,
Individually and in Her Professional Capacity,

                        Defendants.
_____

       Plaintiff, Darren Keenan, appearing *pro se*, commenced this action under 42 U.S.C. § 1983, asserting a claim of malicious prosecution against the Town of Gates, New York, the Gates Police Department and Gates Police Officer Shelley Conradt. Along with the complaint, plaintiff has filed a motion to seal the entire record in this case, and for leave to proceed anonymously.

       Plaintiff's motion is denied. A "presumption of immediate public access attaches [to judicial documents] under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, ___ F.3d ___, 2006 WL 45865, at *14 (2d Cir. 2006). That "presumption of access ... can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id.* In addition, "[t]he Court's own Local Rule of Civil Procedure 5.4 restates the basic principle that, 'there is a presumption that Court documents are accessible to the public and

that a substantial showing is necessary to restrict access.'" *Livecchi v. Rochester Police Dep't*, No. 04-CV-6162, 2004 WL 1737379, at *1 (W.D.N.Y. Aug. 2, 2004). "In most cases," therefore, "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *Video Software Dealers Assoc. v. Orion Pictures, Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

Plaintiff has not set forth facts sufficient to overcome the presumption of public access. He states that "[t]he content of the filings in [this case] contain and will contain confidential and protected medical and legal information regarding the plaintiff," including "records which have been sealed pursuant to § 160.50 of the New York Criminal Procedure Law," Motion to Seal at 1, but beyond that he has not identified any such information with any particularity.

Furthermore, even if plaintiff had identified any specific items to be sealed, that would not justify a blanket sealing of the entire record in this case. If, during the course of this action, plaintiff believes that a particular pleading or paper should be filed under seal, he may submit it to the Court for *in camera* review of his request, but I see no basis for a blanket sealing order. *See City of Hartford v. Chase*, 942 F.2d 130, 137 (2d Cir. 1991) ("This determination [whether to seal] should not be made on a file-by-file basis, or even on a stipulation of the parties, but instead, the district court, itself, should review each document that the parties seek to have sealed"); *Livecchi*, 2004 WL 1737379, at *1 ("Plaintiff has not presented any information from which the Court could conclude that sealing of the case is essential to preserve higher values. Furthermore, his request, even if it did identify certain papers to be sealed, is not narrowly tailored to serve that interest"); *Rossi v. West Haven Bd. of Educ.*, No. 3:03CV1247, 2005 WL 839661, at *1 (D.Conn. Apr. 8, 2005) ("ordinarily,

a court must make that determination on the basis of a careful document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection. A blanket sealing order such as that requested by Mr. Rossi would rarely, if ever, be appropriate") (citing *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995)).

I also find that plaintiff has not demonstrated a valid basis for allowing him to proceed anonymously. Although "courts have carved out a limited number of exceptions to the general requirement of disclosure [of one's identity], which permit plaintiffs to proceed anonymously," *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001), those exceptions are narrow and few. *See Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("It is the exceptional case in which a plaintiff may proceed under a fictitious name"). Motions for leave to proceed anonymously are usually granted, then, only "in cases that deal with matters of the 'utmost intimacy.'" *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (refusing to allow a victim of sexual assault to proceed anonymously in her civil suit against her attackers)).

Plaintiff has not shown that he will be required to disclose any highly personal, intimate information in this case, or that denial of his motion to seal will expose him to risk of injury. *See Javier H. v. Garcia-Botello*, 211 F.R.D. 194, 195 (W.D.N.Y. 2002) (listing relevant factors in deciding whether to permit plaintiff to proceed anonymously). Although plaintiff may prefer that his identity remain hidden from the public, that is not enough. As the Court of Appeals for the Eleventh Circuit stated in *Frank*,

> [l]awsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough. This case does not present such an unusual situation in which the need for party anonymity outweighs the presumption of openness.

951 F.2d at 324.

## CONCLUSION

Plaintiff's motion to seal the record in this case (Dkt. #2) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 15, 2006.