UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARREN KEENAN,


                                    Plaintiff,

                                                                    DECISION AND ORDER

                                                                    06-CV-6045L


                    v.

THE TOWN OF GATES, et al.,


                                    Defendant.

_____


        Plaintiff, Darren S. Keenan, proceeding *pro se*, brought this action against the Town of

Gates, the Gates Police Department, and Officer Shelley A. Conradt ("defendants") alleging claims

for malicious prosecution based on 42 U.S.C. § 1983 and New York State common law.  Plaintiff

filed an amended complaint on May 19, 2006.  Service on defendants was effectuated on May 22,

2006.

        Defendants filed an answer on June 21, 2006. On June 22, 2006, prior to receiving notice that

defendants had answered the amended complaint, plaintiff moved for default judgment pursuant to

FED. R. CIV. P. 55.  (Dkt. #10).

        Although there has been a flurry of filings in connection with the pending motion (*see*

defendants' opposition, Dkt. # 11, plaintiff's reply, Dkt. #12, defendants' sur-reply, Dkt. #13, and

plaintiff's reply to defendants' sur-reply, Dkt. #14), some of which address the merits of plaintiff's claims, the only issue before me is whether plaintiff is entitled to default judgment.

For several reasons, plaintiff's motion is denied.  First, it should be noted that "[t]he dispositions of motions for entries of defaults and default judgments … are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir.1993).

Here, plaintiff's motion is denied because it was filed prematurely and did not include a certificate of default.  Before filing for default judgment, plaintiff needed to request entry of default by the Clerk of the Court.  FED. R. CIV. P. 55(a). Then, assuming default was entered, LOCAL R. CIV. P. 55(b) provides that "[a]n application to the Court for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), shall be accompanied by a Clerk's certificate noting the entry of the default and by a copy of the pleading to which no response has been made."

Here, of course, the Clerk had not entered default pursuant to FED. R. CIV. P. 55(a) because plaintiff never requested the Clerk do so.  Had plaintiff requested that the Clerk enter default, he would have discovered that defendants, in fact, had filed an answer and that no grounds existed for default judgment.

In addition, default judgment is not warranted because defendants have not "failed to plead or otherwise defend" the action.  They, in fact, filed an answer to the amended complaint denying in sum and substance plaintiff's allegations and raised various affirmative defenses. (Dkt. #8).  In short, there has been no default.

Although the answer was not filed within 20 days of service, as set forth in FED. R. CIV. P. 12(a)(1)(A), I find that defendants have shown good cause for the brief, nine-day delay, and that plaintiff has suffered no prejudice as a result.  Defendants' answer is deemed to have been timely filed. *See* FED. R. CIV. P. 6(b) (providing that the Court may enlarge the period of time prescribed under the Federal Rules of Civil Procedure for any act to be done upon showing of cause).

Plaintiff's motion for default judgment (Dkt. #10) is DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 19, 2007.